UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | * | |
| | * | |
| DEBTOR | * | |
| | * | |
| MMA LAW FIRM, PLLC | * | |
| | * | |
| Plaintiff | * | ADV. NO. 25-03028 |
| | * | |
| v. | * | |
| | * | |
| PANDIT LAW FIRM, LLC | * | |
| | * | |
| Defendant | * | |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Pandit Law Firm, LLC, ("Defendant") submits this *Answer to Complaint and Demand for Jury Trial* (the "Answer") to MMA Law Firm, PLLC's ("MMA" or "Plaintiff") *Complaint* [ECF Doc. 1] (the "Complaint").

1. The Defendant admits this is an adversary proceeding. However, the Defendant denies any liability for the claims brought against it within the Complaint.

2. Paragraph 2 of the Complaint is a legal conclusion that does not require a response. However, to the extent it does require a response, the Defendant admits that this Court has subject matter jurisdiction over this adversary proceeding, but reserves and expressly exercises its right to a jury trial on the matters asserted in the Complaint, which would remove this Adversary Proceeding from this Court.

3. Paragraph 3 of the Complaint is a legal conclusion that does not require a response. To the extent that paragraph 3 requires a response, the Defendant denies that this Court may enter

{00383576-1}

a final order based on its demand for a jury trial pursuant to Fed. R. Civ. P. 38, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9015, and this Court has not been authorized to conduct jury trials, nor does the Defendant consent to the Bankruptcy Court conducting a jury trial if it were so authorized.

4. The Defendant denies that venue is proper in this Court based on its demand for a jury trial pursuant to Fed. R. Civ. P. 38, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9015, and this Court has not been authorized to conduct jury trials, nor does the Defendant consent to the Bankruptcy Court conducting a jury trial if it were so authorized.

5. The Defendant admits the allegations in paragraph 5.

6. The Defendant admits the allegations in paragraph 6.

7. Paragraph 7 does not require a response from the Defendant. To the extent a response is needed, the Defendant states that it does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution and reasserts its demand for a jury trial to be conducted by the United States District Court of the Southern District of Texas.

8. The Defendant admits that the Debtor is a law firm based in Texas, but denies due to a lack of information or belief as to the exact nature of the Debtor's practice or that it is, in fact, authorized to practice law.

9. The Defendant denies the allegations in paragraph 9 due to a lack of information or belief.

{00383576-1}

10. The Defendant denies the allegations in paragraph 10 due to a lack of information or belief and further, to the extent any contracts were entered into, denies that such contracts were valid or binding.

11. The Defendant denies the allegations in paragraph 11 due to a lack of information or belief and restates that the Defendant specifically denies that the Debtor had a legal right to prosecute any such lawsuits without the informed consent of the plaintiffs in those cases, the alleged "MMA Clients."

12. The Defendant admits the Suspension Order was issued. As to the effect of the Suspension Order, it calls for a legal conclusion.

13. The Defendant admits the allegations in paragraph 13 to the extent that the Suspension Order was issued. As to the effect of the Suspension Order, it calls for a legal conclusion.

14. The Defendant admits that it took over representation of certain plaintiffs in lawsuits filed by MMA, but denies that any asserted representation by MMA was valid.

15. The Defendant denies the allegations in paragraph 15 as it does not know what clients of the Defendant are "known" to the Plaintiff.

16. The Defendant admits that legal services were performed and that expenses were incurred by the Plaintiff, but denies that any legal services performed by MMA were with the plaintiffs informed consent and/or were valid. The Defendant further denies that any of the services performed or fees incurred were reasonable.

17. The Defendant admits the allegations in paragraph 17, but denies any assertion that MMA was entitled to any of the funds received by the Defendant as a result of settling the "CSWRH/Debtor cases."

{00383576-1}

18. The Defendant admits the allegations in paragraph 18 of the Complaint.

19. The Defendant admits the allegations in paragraph 19 of the Complaint.

20. The Defendant admits the allegations in paragraph 20 of the Complaint.

21. The Defendant admits the allegations in paragraph 21 of the Complaint.

22. The Defendant admits the allegations in paragraph 22 of the Complaint.

23. The Defendant incorporates paragraphs 8 through 22 of this Answer.

24. The allegations in paragraph 24 of the Complaint constitute a legal conclusion and do not merit a response. To the extent that a response is needed, the Defendant denies that MMA is entitled to any allocation of the fees received by the Defendant.

25. The allegations in paragraph 25 of the Complaint constitute a legal conclusion and do not merit a response. To the extent that a response is needed, the Defendant denies that MMA is entitled to any allocation of the fees received by the Defendant.

26. The allegations in paragraph 26 of the Complaint constitute a legal conclusion and do not merit a response. To the extent that a response is needed, the Defendant denies that MMA is entitled to any allocation of the fees received by the Defendant.

27. The Defendant denies the allegations in paragraph 27 of the Complaint.

28. The Defendant denies the allegations in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint constitute a legal conclusion and do not merit a response. To the extent that a response is needed, the Defendant denies that MMA is entitled to any allocation of the fees received by the Defendant.

30. The Defendant admits that an actual controversy exists between the Debtor and Defendant.

{00383576-1}

31. The Defendant denies that the Debtor is entitled to an apportionment of the fees and costs collected or to be collected, but admits only that a live controversy exists.

32. The Defendant denies that the Bankruptcy Court has authority to grant relief in this matter given the Defendant's demand for a jury trial pursuant to Fed. R. Civ. P. 38, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9015.

33. The Defendant incorporates paragraphs 8 through 22 of this Answer.

34. Paragraph 34 of the Complaint asserts a legal conclusion. The Defendant admits only that section 541 of the Bankruptcy Code says what it says.

35. Paragraph 35 of the Complaint asserts a legal conclusion. The Defendant admits only that section 542 of the Bankruptcy Code says what it says.

36. The Defendant denies paragraph 36 of the Complaint as the Defendant does not know what the Debtor is or is not aware of.

37. The Defendant denies that the Debtor has any interest in the fees/costs in any of the cases taken over by the Defendant following the Suspension Order. The Debtor further denies that the Debtor is entitled to any apportionment.

38. The Debtor denies the allegations in paragraph 38 of the Complaint. Any discovery requests should be properly requested and/or provided pursuant to the Federal Rules of Civil Procedure, as made applicable through the Federal Rules of Bankruptcy Procedure. Any request for the Court to compel the Defendant to turn over any of its books and records is premature as no proper request has been made upon the Defendant and no discovery conference has commenced pursuant to Fed. R. Civ. P. 26, as made applicable pursuant to Fed. R. Bankr. P. 7026. The Defendant further denies that it is in possession of estate property.

{00383576-1}

39. The Defendant denies the allegations in paragraph 39. The Defendant denies that the Debtor is entitled to any of the fees associated with any of the Defendant's cases.

40. The Defendant incorporates paragraphs 8 through 22 of this Answer in response to paragraph 40 of the Complaint.

41. The Defendant denies the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 constitutes a legal conclusion. Section 362 of the Bankruptcy Code says what it says and the Defendant denies that it is in violation of that section.

43. The Defendant admits that the Debtor performed work and filed lawsuits on behalf of purported clients. The Defendant denies that any agreement asserted by the Debtor was valid and denies that the Debtor is entitled to any fee apportionment or reimbursement of expenses from Defendant. The Defendant reasserts the responses in paragraphs 24 through 26 of this Answer.

44. The Defendant denies the allegations in paragraph 44 of the Complaint. The Defendant admits only that no funds have been paid to the Debtor, but denies that the Debtor is entitled to any such funds.

45. Paragraph 45 of the Complaint constitutes a legal conclusion. The Defendant admits that section 541 of the Bankruptcy Code says what it says. The Defendant denies that the Debtor is entitled to any funds received by the Defendant.

46. The Defendant admits the allegations in paragraph 46.

47. The Defendant denies that it ever obtained property of the estate or that it exercised control over property of the estate.

48. The Defendant denies the allegations in paragraph 48.

{00383576-1}

49. Paragraph 49 constitutes a legal conclusion and does not merit a response. Section 362 of the Bankruptcy Code says what it says. The Defendant denies that the Debtor is entitled to any relief pursuant to section 362.

50. The Defendant denies all allegations in paragraph 50.

51. The Defendant denies all allegations in paragraph 51. The Defendant is a law firm, but does not practice in the area of bankruptcy law.

52. The Defendant denies all allegations in paragraph 52.

53. Paragraph 53 constitutes a legal conclusion and does not merit a response. To the extent that paragraph 53 implies that the Debtor is entitled to any punitive damages, the Defendant denies such implications.

54. The Defendant denies the allegations in paragraph 54.

55. Paragraph 55 constitutes a legal conclusion and does not merit a response. To the extent that it implies that the Debtor is entitled to any sanctions or compensation, the Defendant denies such implications.

56. Paragraph 56 constitutes a legal conclusion and does not merit a response. Section 362 of the Bankruptcy Code says what it says.

57. The Defendant denies the allegations in paragraph 57.

## **AFFIRMATIVE DEFENSE**

58. The Defendant asserts the affirmative defense of waiver by estoppel of the asserted claims against the Defendant based upon the proceedings involving MMA in the United States District Court for the Western District of Louisiana.

{00383576-1}

**JURY DEMAND**

59. The Defendant demands a trial by jury on all issues triable by jury pursuant to Fed. R. Civ. P. 38, or alternatively Fed. R. Civ. P. 39, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9015. The claims, issues, and matters alleged in the Plaintiff's Complaint involve common law claims for money damages, which give rise to a trial by jury. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 2782 (1989). The Defendant does not consent to a trial by jury by the Bankruptcy Court.

May 29, 2025

**HELLER, DRAPER & HORN, LLC**

/s/ Michael E. Landis
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Michael E. Landis, La Bar No. 36542
mlandis@hellerdraper.com
**Heller, Draper & Horn, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
***Counsel for Pandit Law Firm, L.L.P.***

**CERTIFICATE OF SERVICE**

I, Michael E. Landis, do hereby certify that I caused the above and foregoing to be served on May 29, 2025, to all parties entitled to service via the Court's CM/ECF Electronic Notification System.

/s/Michael E. Landis
Michael E. Landis

{00383576-1}